UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | |
| v.   § | No.  1:22-MJ-00972-DH |
| § | |
| (1) RYAN DION LINCOLN, § | |
| *Defendant* § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, particularly the volume of narcotics Defendant is accused of distributing and evidence of Defendant's apparent ability to distribute multiple kilograms of narcotics on short notice;

- the weight of the evidence against the person, particularly evidence from the Government's confidential source establishing Defendant's distribution operation and evidence of Defendant's possession of almost a kilogram of methamphetamine at the time of his arrest, when he was en route to carry out a drug transaction with the confidential source;

- the history and characteristics of the person, including Defendant's history of and multiple convictions for distributing narcotics, the fact that Defendant was serving a term of probation for a prior federal narcotics

1

- distribution conviction at the time of his arrest in this case, and Defendant's history of alcohol abuse;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release; particularly the volume of narcotics Defendant is accused of distributing within the community, evidence that he conducted his narcotics distribution operation from his residence, along with evidence of Defendant's involvement in transactions to acquire and sell numerous firearms; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED December 19, 2022.

                                          DUSTIN M. HOWELL
                                          UNITED STATES MAGISTRATE JUDGE